Honorable Jimmie Lou Fisher State Treasurer 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Fisher:
This is in response to your request for an opinion regarding Act 880 of 1987. Your specific question is paraphrased as follows:
 Would information submitted by letter showing expenses for meals, mileage, and salary be sufficient documentation to process a request for reimbursement pursuant to Section 2 of Act 880 of 1987?
Under Act 880, political subdivisions and state agencies employing law enforcement officers within eighteen months of their training are required to reimburse those agencies which have paid the costs and expenses of such law enforcement personnel. The amount that the employing agency is required to pay is determined on a percentage basis depending upon the number of months that have elapsed between completion of training and subsequent employment. Pursuant to Section 2, if the employing entity fails to make reimbursement:
 (T)he county, city or town entitled to reimbursement shall notify the State Treasurer who shall withhold the amount of the reimbursement due for training such officer from the county or municipal aid of the employing county, city or town or from funds appropriated to the employing State agency and shall remit the same to the county, city or town which is entitled to such reimbursement under the provisions of this Act.
It is therefore apparent that no method is prescribed under Act 880 for documenting expenses incurred in connection with the training, other than the provision for the county, city or town's notification of the State Treasurer following the employing entity's failure to make reimbursement. The law governing general accounting procedure states, under Ark. Stat. Ann. 13-341(E) (Repl. 1979), that "(a)ll vouchers and checks issued by any state agency, for the disbursement of state funds, shall be transmitted to the Chief Fiscal Officer. . . . Except for payrolls, the copy of all such vouchers shall have attached thereto supporting papers showing that the property, commodities, supplies, services and expenses were actually incurred, performed and received, and were in accordance with the laws, authorization, contract and agreement governing the same."
Since Section 2 of Act 880 simply requires that the county, city or town "notify the State Treasurer," who must then withhold and remit the amount of reimbursement due, it may be concluded that the letter submitted by Diamond City provides "supporting papers" sufficient to meet the requirements of Ark. Stat. Ann. 13-341(ED). While it is therefore my opinion that the correspondence provides sufficient notice under Act 880, it is also my opinion that the State Treasurer could, under general business procedures, require further verification of the listed expenses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.